[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO JOIN
The plaintiff Tammy Pierce alleges that she was injured in an automobile/motorcycle accident which occurred on October 5, 1990. The plaintiff claims that her injuries were caused by the driver of the automobile, Peter Delaney. The plaintiff was a passenger on the motorcycle of Arthur Buzzell. The defendant Delaney moves to add Buzzell as a party defendant claiming that Buzzell's negligence proximately caused the plaintiff's injuries.
Connecticut General Statutes 51-102 provides that "upon motion made by any party . . . to a civil action . . . the person named in the party's motion shall be made a party by the court if that person is necessary for a complete determination or settlement of any question involved therein . . ."
Where the damages in a personal injury negligence action are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the damages. Conn. Gen. Stat. 52-572h(c); Deveau v. Bucctieri, 4 Conn. L. Rptr. No. 11, 355, 356 (July 29, 1991, Hennessey, J.). As a result of Tort Reform II, "a defendant named by the plaintiff cannot have his or her liability reduced in proportion to the liability of another person unless that person is also a party to the action." Deveau v. Bucctieri, 4 Conn. L. Rptr. at 356 quoting Howard v. Capellan, 2 Conn. L. Rptr. 68 (1990, Maloney, J.). "Such other person, therefore, is necessary as a party defendant for a complete determination of the question of proportionate liability." Id.
The impleader statute allows a defendant to implead a third party who is or may be liable to the defendant for all or part of the plaintiff's claim against the defendant. Conn. Gen. Stat. 52-102a.
The Capellan and Deveau courts concluded that "Section52-102 and 52-572h establish a statutory scheme to allow a defendant to have a person named as a co-defendant, even over the CT Page 8591 objection of the plaintiff, if that person is potentially liable to the plaintiff." Deveau, 4 Conn. L. Rptr. 11 at 356; Capellan, 2 Conn. L.Rptr. at 68.
Therefore, the defendant's motion to add a party defendant is granted.
The plaintiff is ordered to restructure her complaint to add as a party defendant Arthur T. Buzzell as a defendant. Capellan, 2 Conn. L. Rptr. at 68. While the defendant's motion to cite in Arthur T. Buzzell as an additional defendant is granted, the defendant's proposed cross-complaint is denied. In redrafting the complaint to include Buzzell as an additional defendant, the plaintiff need not follow the language of defendant's proposed cross-complaint. Blanchette v. Pennington, 6 Conn. L. Rptr. No. 12, 358 (May 25, 1992) (Austin, J.).
Reilly, J.